**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 97-41436
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

VERSUS

JOY A. SOAPE, also known as Joy A. Lovett,

Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:97-CR-10-2

November 10, 1998

Before  WISDOM, DUHÉ, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Joy Soape was convicted by a jury of one count of conspiracy to commit credit card fraud, and five counts of aiding and abetting credit card fraud.  She now appeals that conviction.  We affirm.

Soape's first contention is that the district court erroneously admitted evidence of "other crimes, wrongs, or acts" under Federal Rule of Evidence 404(B).  This court reviews such a ruling for an abuse of discretion.[2]  In the case at bar, the district judge admitted evidence that Soape knew that her husband (an indicted coconspirator  tried separately) had committed theft of several rental cars.  The district judge also admitted evidence that Soape had a fraudulent license tag on her vehicle.  The district court held that the evidence in question was not evidence of extrinsic offenses, and was therefore not subject to Rule 404(B).  We agree.

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[2] United States v. Gadison, 8 F.3d 186, 192 (5th Cir. 1993).

The first issue concerns the appellant's knowledge that her husband had committed theft of the rental cars. Knowledge is not a "crime, wrong or act," as provided for in Rule 404(B). Soape's knowledge of her husband's activity is therefore not subject to 404(B) analysis.

The second issue is the appellant's fraudulent license tag. The record reflects that the tag was acquired by Soape and her husband through fraud. Soape and her husband were then indicted as codefendants in a conspiracy to commit credit card fraud. The district judge did not abuse his discretion in finding this to be "part and parcel" of the offense charged.

Soape further argues that the district court erred in not giving the jury a limiting instruction with regard to this evidence. No limiting instruction was requested. In such a case, this court reviews for plain error.[3] In the case at bar, failure to give a limiting instruction, when no such instruction was requested, does not rise to the level of plain error.[4]

Soape's second contention is that the cumulative effect of several adverse evidentiary rulings resulted in sufficient prejudice to require reversal. Erroneous rulings which could be considered harmless if viewed alone may mandate reversal when considered cumulatively.[5] Reversal for such cumulative error is a rarity.[6]

The preliminary aspect of this assignment of error concerns evidence admitted under the "regularly kept business record" exception to the hearsay rule.[7] Soape argues that documents created at the jail were unreliable because the author of the documents was not identified. Rule 803(6) does not require that the witness who lays the foundation be the author of the record, or be able to personally attest to its accuracy.[8]

The bulk of Soape's evidentiary objections concerns evidence which the court determined was

---

[3] United States v. Parziale, 947 F.2d 123, 129 (5th Cir. 1991).

[4] Id.

[5] United States v. Larbarera, 581 F.2d 107, 100 (5th Cir. 1978).

[6] United States v. Iredia, 866 F.2d 114, 118 (5th Cir. 1989).

[7] Federal Rule of Evidence 803(6).

[8] United States v. Duncan, 919 F.2d 981, 986 (5th Cir. 1990).

not hearsay, in that it was not admitted to show the truth of the matter asserted.[9] These documents were forged during the course of the conspiracy to defraud. In showing the fraudulent nature of the documents, the government could not have been attempting to demonstrate the truth of the matter asserted. The documents are therefore outside the scope of the hearsay rule.

As Soape has not made a threshold showing of error, there is no need for this court to evaluate the cumulative effect of any errors. The assignment of error is dismissed.

Soape's final contention is that the evidence produced at trial was insufficient to convict her of the crimes charged. Specifically, Soape contends that the evidence was insufficient to show her knowledge and criminal intent to commit the offenses with which she is charged. This court views the evidence in the light most favorable to the verdict to determine if any rational jury could have concluded the appellant was guilty.[10]

The record reflects that Soape executed the paperwork adding her name to credit card accounts with full knowledge that these accounts had been fraudulently obtained. As a result of Soape's and her husband's criminal activity, NationsBank suffered financial losses in the amount of $19,000. Viewing the evidence in the light most favorable to the verdict, a rational jury could find Soape guilty of the crimes charged.

AFFIRMED.

---

[9] Record, vol. 4, p.20.

[10] United States v. McCord, 33 F.3d 1434, 1439 (5th Cir. 1994) *cert denied* 115 S.Ct. 2558 (1995).